UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 13-0189 LJO SKO |
| Plaintiff, | **DECISION ON MOTIONS SUBMITTED BY DEFENDANT WITHOUT COUNSEL** |
| vs. | |
| MAURICE HUNT, | |
| Defendant. | |

## INTRODUCTION

This Court has received eight motions submitted by the defendant Maurice Hunt ("defendant") pro se and without counsel since October 15, 2013. In addition, defendant's motion for grand jury transcripts was pending a response from the United States ("Government"), and the Court has received that response. Sentencing is scheduled in seven court days.

Due to the press of time, not only due to the upcoming sentencing date, but also due to this Court's busy calendar (more than 1,500 other cases, and currently involved in a contentious Jury Trial), this Court chooses to issue rulings and decisions on all of the submitted defense motions in this omnibus order.

## MOTION FOR GRAND JURY TRANSCRIPTS

Defendant submitted a formal motion/request/demand to compel production of grand jury transcripts. The Government responds that it has no objections and had provided the transcripts to defendant. Based on defendant's subsequent submissions, it is clear that the

1

transcripts have been received.

This Court deems the motion for grand jury transcripts MOOT.

## MOTION TO WITHDRAW REQUEST FOR COUNSEL

Defendant had requested counsel for sentencing, and this Court immediately appointed Roger Litman as counsel for defendant (the third attorney appointed for defendant during this case). Since the Litman appointment, defendant claims that he misunderstood and misread probation's Presentence Report and thought that he was requesting counsel for purposes of appeal, and not for sentencing. Defendant rescinds his request for counsel and indicates that it was an error to request counsel at this time. Defendant wishes to continue to represent himself.

This Court GRANTS the motion to withdraw request for counsel.

## MOTION FOR JUDGMENT OF ACQUITTAL

It is questionable whether defendant has submitted an appropriate motion pursuant to F.R.Crim.P. 29. Giving him the benefit, mention of such a motion was submitted on October 15, 2013. It is without dispute that the guilty verdict AND the discharge of the jury both occurred on August 9, 2013.

Pursuant to F.R.Crim.P 29(c)(1), a motion for judgment of acquittal must be filed "within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."

The motion for judgment of acquittal is untimely and is DENIED.

## MOTION FOR NEW TRIAL

It is also questionable whether defendant submitted an appropriate motion pursuant to F.R.Crim.P. 33. Giving him the benefit, mention of such a motion was submitted on October 15, 2013. It is without dispute that the verdict and finding of guilt were rendered on August 9, 2013.

Pursuant to F.R.Crim.P. 33(b)(2), a motion for a new trial "must be filed within 14 days after the verdict or finding of guilty."

The motion for new trial is untimely and is DENIED.

## MOTION FOR APPOINTMENT OF INVESTIGATOR

Defendant requests that the Court appoint an investigator to aid defendant in filing

motions for a judgment of acquittal and for new trial. Since both have been denied as being untimely, the Court deems the motion for appointment of counsel as MOOT.

## **MOTION FOR CONFIDENTIAL HEALTH RECORDS OF THE MINOR**

Defendant requests copies of the confidential health/medical records of the minor victim. In giving his reasons, it is clear that he wishes to discover his case further. All of the records were available, both pretrial and at trial, and the defendant pro se cross-examined the minor victim about the medical issues, using the very same records he now seeks.

This Court has considered the privacy of the minor victim of sex trafficking not to have her medical records floating around, as well as the fact that the Defendant cannot be trusted to abide by ANY Court orders, including an order for him not to disseminate the private medical records of the minor. In addition, this Court has considered the reasons the defendant gives for wanting the copies, i.e., he wishes to reinvestigate and reargue the facts and evidence.

This Court DENIES the motion for the minor's confidential health records.

## **AN APPARENT ATTACK ON THE SUFFICIENCY OF THE INDICTMENT**

This Court is uncertain whether an actual motion is brought to attack the grand jury indictment. Given that this Court is unable to discern how the motion addresses the indictment, this Court is unable to rule except to question the timeliness of any such motion (if made).

## **MOTION TO DISMISS FOR LACK OF JURISDICTION**

Defendant was charged with :

Count 1: Sex trafficking of a minor by force, fraud or coercion, pursuant to 18 U.S.C. §1591(a)(1);

Counts 2-4: Corruptly endeavoring to influence, obstruct or impede the administration of justice or cause a witness not to appear or testify truthfully, pursuant to 18 U.S.C. § 1503; and

Counts 5 and 6: Witness tampering, pursuant to 18 USC 1512(b)(1).

It appears that defendant does not question whether there is federal jurisdiction based on the charges, but rather based on the factual evidence that resulted in his convictions to all of

the charges.  Specifically, he states in his motion:  "This motion is being made in hope of convincing this court that the Government intentionally provided false and misleading evidence to the Grand Jury.  Also this motion will prove that the Government inappropriately caused my arrest for a crime where there was no evidence of 'in or affecting interstate commerce and failed to present any evidence to the Grand Jury of 'In or affecting [sic]…..'"

The motion itself cites the very evidence that was presented at trial, which the jury obviously believed, that proved the interstate commerce aspect of the charge in count one.

The motion to dismiss for lack of jurisdiction has no merit and is DENIED.

**MOTION TO CONTINUE SENTENCING**

Defendant requests that the sentencing set for October 28, 2013 be continued to give him time to file motions for new trial and for judgment of acquittal.  Whether the motions were filed (see above), or there is a hope of filing them, they are untimely, and not permitted.

Since the basis for the requested continuance is not procedurally proper, the motion to continue the sentencing is DENIED.

IT IS SO ORDERED.

Dated:  **October 17, 2013**          **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE